## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT MILES, Inmate #K-67019,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-625-MJR** |
| | ) | |
| **E. J. BOWMAN, JR., MIKE SANDERS,** | ) | |
| **J A C K I E   M I L L E R ,   C H I E F** | ) | |
| **ADMINISTRATIVE OFFICER EDDIE,** | ) | |
| **and ROGER E. WALKER, JR.,** | ) | |
| | ) | |
| **Defendants.** | | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are frivolous and thus subject to summary dismissal.

Plaintiff alleges that in December 2003, he asked Defendant Bowman, the senior chaplain

at Centralia, to place him on the appropriate list to receive a vegan diet as a practitioner of the

African Hebrew Israelite faith.  Bowen advised Plaintiff that he would need to fill out an official

request, and he would also need to provide written verification of his membership in that faith from

an outside religious leader.  Plaintiff filed a grievance over this matter, but he did not receive a

favorable response from Sanders, Miller, Eddie or Walker.  He now asserts that requiring him to

provide outside verification of his religious affiliation is a violation of his rights under the First

Amendment.

The regulation in question provides:

> A committed person may submit a written request to the facility
> chaplain to receive an alternative diet for specific religious reasons.
> The request must contain written verification that the committed
> person is a member of a faith group that requires adherence to a
> particular diet and the specific requirements of the diet. Eligibility to
> receive an alternative diet for specific religious reasons shall be
> determined by the facility chaplain who shall ordinarily confer with
> a religious leader or faith representative of the faith group at issue.
> The facility chaplain and the religious leader or faith representative
> may interview the committed person.

20 Ill. Admin. Code § 425.70.

The law is clear that a prisoner retains his or her First Amendment right to practice his

religion, subject to prison regulations that do not discriminate between religions and are reasonably

related to legitimate penological objectives.  *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987);

*Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999).  It

is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). The Honorable Rebecca R. Pallmeyer was presented with a similar claim in a case still pending, and she made these observations:

> This regulation does not expressly require that a recognized clergy member provide the "written verification" of an inmate's membership in a "faith group" and the requirements of that faith. One can imagine various ways in which these matters could be verified, including by a plausible affidavit provided by the inmate himself. Nevertheless, it was apparently so interpreted by Chaplain Peterson, and when Plaintiff did not present the requested proof, his request was denied. Such a reading of the regulation could well run afoul of the First Amendment, whose protections are not limited to members of established denominations, *Frazee v. Illinois Dep't of Employment Security,* 489 U.S. 829, 834, 109 S.Ct. 1514, 103 L.Ed.2d 914 (1989), or, for that matter, to members of religious groups having clergy. *See, e.g., Love v. Reed,* 216 F.3d 682 (8th Cir. 2000) (inmate's idiosyncratic sabbath observance, based on personal interpretations of Old Testament passages, entitled to First Amendment protection). Although input from a member of the clergy may be useful in assessing the sincerity of an inmate's beliefs, the state may not rely on a clergy person's determination as to whether an inmate is a member of a "faith group," entitling him to First Amendment recognition of religious practices associated with that group. *See Jackson v. Mann,* 196 F.3d 316 (2d Cir. 1999) (plaintiff, who considered himself Jewish, was entitled to receive kosher diet even though prison chaplain, a rabbi, found that plaintiff had not shown that he was a Jew under Jewish religious law). Nor would a clergy person's interpretation of a faith group's religious requirements be dispositive. An individual's understanding of the demands of his or her religion is entitled to First Amendment protection, even if that understanding is not shared by others professing the same religion. *Thomas v. Review Bd. of Indiana Employment Security Division,* 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981).

*Agrawal v. Briley*, Case No. 02 C 6807, 2003 WL 164225 (N.D.Ill., order dated Jan. 22, 2003).

Although not binding, this Court agrees with Judge Pallmeyer's analysis; at this early stage of the

litigation, the Court is unable to dismiss Plaintiff's First Amendment claim against Bowman. *See* 28 U.S.C. § 1915A.

Conversely, the only allegations he makes against Mike Sanders (the grievance officer), Jackie Miller (the chairperson of inmate issues), Eddie (the chief administrative officer), and Roger Walker (the director of the I.D.O.C.) are that they failed to take action to investigate his grievance. There is no constitutional right to a grievance procedure, *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996), so any denial of a grievance does not constitute a separate constitutional violation. Furthermore, the director of a state correctional agency is not personally responsible for any constitutional violation within the prison system solely because the grievance procedure made him aware of it and he failed to intervene. *Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982). These Defendants are accordingly dismissed.

## MOTION FOR APPOINTMENT OF COUNSEL (DOC. 3)

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

## DISPOSITION

IT IS HEREBY ORDERED that Defendants **SANDERS, MILLER, EDDIE** and **WALKER** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **BOWMAN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **BOWMAN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as

- 5 -

requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

       **IT IS SO ORDERED.**

       **DATED this 19th day of July, 2005.**

                                       **s/ Michael J. Reagan**

                                       **MICHAEL J. REAGAN**

                                     **United States District Judge**